```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
           CIVIL NO. 20-1971(DSD/ECW)
```

Faith Elsharkawy, as herself in her
individual capacity, and as Trustee
for the Next-of-Kin of J.L.E., Decedent,

      Plaintiff,

v.                                                **ORDER**

Chisago Lakes School District Board
of Education, Independent School District
No. 2144, Chisago Lakes Area Schools
d/b/a Chisago Lakes Schools, Dave Ertl,
Jason Thompson, Carrie Hoffman,
Jerilyn Mattson, Angela Christenson,
Shira Ben-Heim, Leah Taylor, Carter Vogt,
Laura Gustafson, and Jane/John Does,

      Defendants.

    This matter is before the court upon the motion for review of taxation of costs by plaintiff Faith Elsharkawy. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

    On October 2, 2024, the court granted summary judgment in favor of defendants. On November 22, 2024, the clerk of court taxed $22,673.09 in costs in favor of defendants. ECF No. 207. Elsharkawy now moves for review of the cost judgment.

    The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). <u>Zotos v. Lindbergh Sch. Dist.</u>, 121 F.3d 356, 363

(8th Cir. 1997). Unless a federal statute, rules, or court order provides otherwise, "costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Elsharkawy has the burden to show that the cost judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

Elsharkawy argues that the cost judgment is inequitable in several respects. She first contends that she should not be forced to pay the cost judgment because she is indigent. In support of this contention, she submitted an affidavit stating that she and her husband are $320,000 in debt. ECF No. 205-1, at 2. She further states that she and her husband collectively earn between $4,050 and $7,050 per month. Id. at 1. Although she states that her sole income is limited to disability payments, she does not explain the basis for her disability or whether she is physically or mentally incapable of work. See id.

"Indigence is recognized as an appropriate justification for denial of costs." Kaplan v. Mayo Clinic, No. 07cv3630, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011) (citing Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006); Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982). "The nonprevailing party must be facing dire financial circumstances to avoid taxation of

costs." Id.  "It is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future."  Id.

Although the court is sympathetic to Elsharkawy's financial condition, it does not find that she indigent in this context based on her affidavit.  Simply put, she has failed to establish that she will be unable to pay the costs as awarded in the future. Cases in which the court held to the contrary are distinct.  See Damgaard ex rel. I.L.D. v. McKennan, No. 13cv2192, 2016 WL 1718370, at *1–2 (D. Minn. Apr. 29, 2016) (finding indigence when child suffered from severe medical conditions and had no employment prospects and mother provided "round-the-clock care," could not get a job, and relied on welfare); Thull v. Techtronic Indus. Co., No. 11cv2368, 2015 WL 1021316, at *2–3 (D. Minn. Mar. 9, 2015) (finding indigence when plaintiff could perform only limited, occasional work due to an accident; had no assets, savings, or retirement plan; was in debt; could not cover basic living expenses; and was at risk of losing his home); Kaplan, 2011 WL 3837095, at *2 (finding indigence when plaintiff "lost his ability to work due to medical procedures," had to sell his personal property, was in foreclosure, and was $550,000 in debt).

3

Nor does the relative financial imbalance between plaintiff and defendants lead the court to conclude that the imposition of costs would be inequitable. See In re Derailment Cases, 417 F.3d 840, 845 (8th Cir. 2005) (citing cases where costs were awarded in instances of financial imbalance).

Elsharkawy next contends that the costs are inequitable because the case was of substantial public importance. The court has recognized that public importance can be a basis for denying costs. Karsjens v. Harpstead, No. 11cv3659, 2024 WL 3791991, at *2 (D. Minn. Aug. 13, 2024). Having presided over the case for four years, the court cannot conclude that this case rises to the level required to meet this standard, particularly given the outcome of the case. Nor can the court find that awarding costs to defendants will have a chilling effect on future civil rights plaintiffs. This case was decided on the merits of the specific record before it and was not framed as a lawsuit designed to promote change on behalf of the public. The court fails to see how the outcome here will negatively affect or chill future litigants.

Elsharkawy also argues that costs should not be awarded because the case was close, but ultimately unsuccessful. Again, having presided over the case, the court must disagree. As tragic

4

as the circumstances underlying the case were, the legal issues were not difficult to resolve in defendants' favor. See ECF No. 197.

Plaintiff's objections to specific deposition costs are similarly unavailing. She argues that the transcripts of depositions of fact witnesses Durkin, Erickson/Severson, Dufresne/Woodward, Carlin, Johnson, Vogt, and the District's Rule 30(b)(6) designee (Jennissen) are not taxable because they were not necessarily obtained for use "at trial." She also seeks to exclude the expert depositions of Carney, Jones, and Ramer because they were not cited in summary judgment papers.

As to the fact witnesses, Elsharkawy noticed the depositions of Carlin, Severson, Erickson, Dufresne and Woodward (as designees for defendant St. Croix Education District), and Vogt. Most of those transcripts were used in summary judgment briefing. She also cited the depositions of Durkin, Jennissen, Johnson in opposing summary judgment. Given these facts, and the court's familiarity with the record, it cannot conclude that the depositions were not necessarily obtained for use in "the case." See 28 U.S.C. § 1920(2). The expert witness transcript fees are likewise taxable as necessarily obtained for use in the case, particularly Ramer,

5

whom defendants moved to disqualify.

Elsharkawy lastly argues that defendants should not be awarded fees incurred in retrieving medical records from non-party St. Croix Regional Medical Center. Defendants submitted an invoice for those fees in the amount of $647.30, excluding fees, shipping costs, and tax. See ECF No. 203-1, at 32. The court finds that those fees were necessarily obtained for use in the case, see 28 U.S.C. § 1920(4), as the court reviewed them and relied on them its decision to grant summary judgment.[1]

Accordingly, **IT IS HEREBY ORDERED** that the motion for review of taxation of costs [ECF No. 212] is denied.

Dated: January 27, 2025                s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court

---

[1] The court will not consider the settlement offer submitted by Elsharkawy. See Fed. R. Evid. 408. Even if the court were to consider it, the offer would not have any bearing on this motion.